McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys at Law
88 Pine Street, 24th Floor
New York, New York 10005
Attorneys for Plaintiff,
Garden State Life Insurance Company

By: _____
        Randi F. Knepper

| | |
|---|---|
| GARDEN STATE LIFE INSURANCE COMPANY, | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | CIVIL ACTION NO.: 07-cv-10449(BSJ) |
| vs. | |
| CARLOS PEREZ OLIVO and THE ESTATE OF PEGGY HALL, | |
| Defendants. | |

**CIVIL ACTION-CERTIFICATION OF COUNSEL IN SUPPORT OF MOTION SEEKING EXTENSION OF TIME TO AFFECT SERVICE ON DEFENDANT, ESTATE OF PEGGY HALL, PURSUANT TO FED. R. CIV. P. 4(m)**

I, RANDI F. KNEPPER, ESQ., of full age, being duly sworn according to law and upon my oath, hereby depose and say:

1.   I am an attorney-at-law authorized to practice in the United States District Court, Southern District of New York, and a member of the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP. I have been the attorney of record for plaintiff, Garden State Life Insurance Company ("Garden State"), since the inception of this action and as such, I am fully familiar with the facts and circumstances set forth herein. I am authorized to submit this certification in support of

Garden State's motion seeking an extension of time to affect service of the summons and complaint on defendant, The Estate of Peggy Hall ("the Estate") pursuant to Fed. R. Civ. P. 4(m).

2. Garden State commenced this interpleader action with the filing of a complaint on November 19, 2007, against Carlos Perez Olivio ("Olivio") and the Estate (*See*, Exhibit 1). Garden State is seeking to interplead the benefits under a policy of life insurance it issued to Peggy Hall, deceased ("Decedent") because the named beneficiary, Olivio, is a suspect in homicide of Decedent. By way of the complaint, Garden State seeks, in part, an order appointing an independent representative to act on behalf of the Estate. Id. at p. 4.

3. On December 10, 2007, counsel for Olivio executed a Waiver of Service (*See*, Exhibit 2). However, to date no responsive pleading has been filed on behalf of Olivio and he is technically in default.

4. Garden State has not been able to effect service on the Estate to date as an administrator of the Estate has yet to be appointed. I have communicated with Domenick Napoletano, Esq., who will be counsel for the Estate, who has advised that he filed a motion before the New York Surrogate's Court seeking to have one of the children of Decedent appointed as administrator of the Estate. I have been in regular contact with Mr. Napoletano who has advised that the application is proceeding but no administrator has been appointed to date. Mr. Napoletano has further represented that once an Order is entered appointing an administrator, he will execute a Waiver of Service on behalf of the Estate.

5. Garden State cannot affect service on the Estate until an administrator is appointed by the New York Surrogate's Court. Consequently, Garden State must await the entry of an Order by the New York Surrogate's Court appointing an administrator for the Estate to effectuate service on the Estate. Accordingly, Garden State respectfully submits that there exists good cause to extend the

time for service beyond 120 days from the date of the filing of the complaint, March 18, 2008, to effect service on the Estate, and requests an extension of 90 days to affect service on the Estate.

McELROY, DEUTSCH, MULVANEY<br>
& CARPENTER, LLP<br>
Attorneys for Plaintiff,<br>
Garden State Life Insurance Company

Dated: March 17, 2008

By: /s/ Randi F. Knepper

1064944

# EXHIBIT 1

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys at Law
88 Pine Street, 24th Floor
New York, New York 10005
Attorneys for Plaintiff,
Garden State Life Insurance Company

By: /s/ Randi F. Knepper
   Randi F. Knepper

NOV 1 2007

| | |
|---|---|
| GARDEN STATE LIFE INSURANCE COMPANY, | :UNITED STATES DISTRICT COURT :SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | :CIVIL ACTION NO.: |
| vs. | |
| CARLOS PEREZ OLIVO and THE ESTATE OF PEGGY HALL, | 07 CIV 10449 JUDGE JONES |
| Defendants. | |

## CIVIL ACTION - COMPLAINT FOR INTERPLEADER AND OTHER RELIEF

Garden State Life Insurance Company ("Garden State Life"), maintaining a principal place of business located at Marina Plaza, 2450 South Shore Blvd., League City, Texas 77573-2997, by way of an interpleader complaint against Carlos Perez Olivo and The Estate of Peggy Hall, alleges and says:

### JURISDICTION

1. Garden State Life is a corporation of, and maintains a principal place of business in the State of Texas, and is a citizen of the State of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. Peggy Hall a/k/a Peggy Perez Olivo, deceased ("Decedent"), maintained a primary residence located at One Old House Lane, Chappaqua, New York 10514, and was a citizen of the State of New York, within the meaning and intent of 28 U.S.C. § 1332.

3. Carlos Perez Olivo ("Perez Olivo") maintains a primary residence at One Old House Lane, Chappaqua, New York 10514, and is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

4. The Estate of Peggy Hall, if probated, would be probated in Westchester County, as it is the county that Decedent resided at the time of her death.

5. This matter concerns the benefits of a policy of term life insurance, insuring the life of Peggy Hall, bearing policy number 06250475, with a face amount of $100,000.

6. The amount in dispute exceeds the sum of $75,000, exclusive of interest and costs within the intent of 28 U.S.C. § 1332.

7. This Court maintains original jurisdiction based upon 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000, and there is complete diversity of citizenship between Garden State Life and the named defendants.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FIRST COUNT

9. Decedent applied for and Garden State Life issued a policy of term insurance, bearing policy number 06250475, and an issue date of November 15, 2005.

10. On her application for insurance, Decedent named as her beneficiary Carlos Perez Olivo, her husband, and did not name a contingent beneficiary.

11. Decedent was murdered on November 19, 2006.

2

12. Garden State Life was advised by the New Castle Police Department that Perez Olivo was a suspect in Decedent's murder.

13. Garden State Life subsequently was advised on multiple additional occasions by the New Castle Police Department that Perez Olivo was not cleared as a suspect in the death of the Decedent.

14. Pursuant to New York law, an individual cannot profit from the murder of another.

15. Consequently, Perez Olivo may not have a valid claim to the benefits, and may be adjudged by the Court to have predeceased Decedent.

16. Pursuant to the policy of insurance, in particular, those provisions relating to the beneficiary, "[i]f the interest of all designated Beneficiaries has terminated, any proceeds payable will be paid to the Owner or his estate or successors."

17. Garden State Life has received a claim for benefits from Perez Olivo.

18. As Perez Olivo has not been cleared as a suspect, paying him the death benefit may be in violation of New York law if he is later found to have killed Decedent.

19. Garden State Life fears that any payment of benefits may expose it to multiple liability.

20. Garden State Life has no way of determining whether Perez Olivo's claim is valid or who is the rightful beneficiary.

21. Garden State Life is unsure of the proper and lawful beneficiary and fears that the payment of the death benefit may subject it to additional liability to another claimant who heretofore and hereinafter may file a claim seeking payment of the death benefits after the criminal investigation is completed.

22. Garden State Life claims no interest in the money or property except to the extent such payment discharges any and all obligations Garden State Life may owe to any party arising out of Decedent's death and the benefits payable as a consequence thereof under the policy of term life insurance bearing policy number 06250475.

23. Concurrently with the filing of this complaint, Garden State Life shall deposit the aforesaid money or property in the amount of $103,760.27, representing the benefit plus all applicable interest with the Clerk of the Court and requests that this Court place said money into an interest bearing account as allowed and provided by law.

**WHEREFORE**, Garden State Life demands judgment against the defendants, and each of them, for the following relief:

(a) An order appointing an independent representative to act on behalf of The Estate of Peggy Hall.

(b) An order declaring and adjudging the lawful and proper beneficiary of the death benefit provided under and pursuant to the policy of term life insurance bearing policy number 06250475 on account of the death of Peggy Hall.

(c) An order compelling the defendants, and each of them, to adjust, settle and/or litigate among each other their respective and lawful entitlement to the death benefits arising under and pursuant to the policy of term life insurance bearing policy number 06250475 on account of the death of Peggy Hall.

(d) An order declaring and adjudging that upon Garden State Life's payment of the death benefit to the Clerk of the United States District Court and/or the lawful and proper beneficiaries as determined by order of the Court, Garden State Life shall be wholly and completely discharged and absolved from any further liability, of whatsoever nature, to each of

the parties hereto and any other claimant to the death benefit arising under and pursuant to the policy of term life insurance bearing policy number 06250475 on account of the death of Peggy Hall.

(e)     An order releasing and discharging Garden State Life, its employees, agents, representatives, predecessors and successors in interest, parents, subsidiaries and assigns from and against any and all liability, suits, debts, judgments, dues, sums and/or causes of action, whether at law or in equity, to any person, entity, claimant, party to this action or otherwise for any and all benefits arising under and pursuant to the policy of term life insurance bearing policy number 06250475 on account of the death of Peggy Hall.

(f)     An order permanently restraining and enjoining the parties hereto from instituting and/or prosecuting any other suit, cause of action or civil proceeding in any state, federal or other court of competent jurisdiction against Garden State Life seeking benefits or asserting damage claims arising under the policy of term life insurance bearing policy number 06250475 as a consequence of the death of Peggy Hall.

(g)     An order awarding attorney fees, costs of suit and such other relief as the Court deems equitable and just.

    McELROY, DEUTSCH, MULVANEY
    & CARPENTER, LLP
    Attorneys for Plaintiff,
    Garden State Life Insurance Company

Dated: November 16, 2007    By: _____
          Randi F. Knepper

1015627_1
G4467-1004

5

# EXHIBIT 2

## Waiver of Service of Summons

To: Randi F. Knepper, Esq.

    I acknowledge receipt of your request that I waive service of a summons in the action of GARDEN STATE LIFE INSURANCE COMPANY VS. CARLOS PEREZ-OLIVO AND THE ESTATE OF PEGGY HALL, which is case number 07-CIV-10449 in the United States District Court for the Southern District of New York. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after December 10, 2007, or within 90 days after that date if the request was sent outside the United States.

_____12/10/2007_____  _____[signature]_____
Date                      Signature
                          Printed/typed name: Robert A. Buckley (RB8903)
                              as Attorney for the Defendant, Carlos Perez-Olivo

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiffs attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.